IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER SANCHEZ, | § | |
| TDCJ NO. 1834209, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2721 |
| | § | |
| WILLIAM STEPHENS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Francisco Javier Sanchez (TDCJ No. 1834209) is a state inmate incarcerated in the Texas Department of Criminal Justice pursuant to a state court judgment.  Sanchez has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction.  For reasons explained more fully below, this case shall be dismissed for failure to exhaust state court remedies.

## I. Procedural History

Sanchez is serving a seventeen year sentence pursuant to a state court conviction for aggravated robbery.  State v. Sanchez, No. 1281279-A (263rd Dist. Ct., Harris County, Tex. Jan. 15, 2013).  He states that his conviction was affirmed by the Court of Appeals for the First District of Texas.  (Docket Entry No. 1, p. 3).  He indicates that a petition for discretionary review (PDR) was not

filed.  Id.  Sanchez further states that he did not file a state application for a writ of habeas corpus, pursuant to Article 11.07 of Texas Code of Criminal Procedure.  Id.

The court verified that Sanchez's conviction was affirmed by the First Court of Appeals on January 30, 2014, and that no PDR was filed.  Sanchez v. State, 428 S.W.3d 240 (Tex. App. - Houston [1st Dist], 2014, no pet.).  The mandate was issued on April 11, 2014.  See  Court  of  Appeals  Website: http://www.1stcoa.courts.state.tx.us/.  The court also verified that Sanchez filed a state application for a writ of habeas corpus with the state district court on March 17, 2014.  See Website for Harris  County  District  Clerk's  Office: http://www.hcdistrictclerk.com.  However, the Court of Criminal Appeals dismissed the application because mandate had not been issued when the application was filed.  See Website for Court of Criminal Appeals: http://www.cca.courts.state.tx.us/.

## II. Analysis

Under 28 U.S.C. § 2254(b) a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts.  Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011), citing Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997); see also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief.), citing Orman v. Cain, 228 F.3d

616, 619-20 (5th Cir. 2000).   To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.   <u>Nobles</u>, at 420, <u>citing</u> <u>Picard v. Connor</u>, 92 S.Ct. 509, 512-13 (1971); <u>Myers v. Collins</u>, 919 F.2d 1074, 1076 (5th Cir. 1990).   The exhaustion requirement is based on the precept of comity.   <u>Coleman v. Thompson</u>, 111 S.Ct. 2546, 2555 (1991).   Federal courts follow this principle to afford state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights."   <u>Id.</u>  Therefore, a habeas petitioner must exhaust all remedies available in the state court system before presenting his constitutional claims in a federal petition.   See <u>Rhines v. Weber</u>, 125 S.Ct. 1528, 1533 (2005).

A petitioner challenging a Texas state court judgment must exhaust his claims by presenting them fairly to the Texas Court of Criminal Appeals either in a petition for discretionary review or an application for writ of habeas corpus.   <u>Myers</u>, 919 F.2d at 1076. It is not sufficient merely that a habeas corpus claim has "been through" the state court system before filing a federal petition; the substance of the claim must be fairly presented to the Court of Criminal Appeals.   See <u>Picard</u>, 92 S.Ct. at 512.   If the state courts dismisses a claim for procedural reasons, the claim is not considered to have been fairly presented to the state courts, and

therefore, the exhaustion requirement has not been met.  Castille v. Peoples, 109 S.Ct. 1056, 1060 (1989).

Sanchez filed his state writ application before the mandate had issued, and the Court of Criminal Appeals dismissed it because the conviction was not final.  See Ex parte Johnson, 12 S.W.3d 472 (Tex. Crim. App. 2000) (Court of Criminal Appeals does not have jurisdiction to consider post-conviction writ of habeas corpus until conviction is final).  Consequently, Sanchez did not properly exhaust his claims because they were dismissed for lack of jurisdiction.  Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004), citing Johnson, 12 S.W.3d at 473.

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Sanchez file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998); Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

1.  This Petition for a Writ of Habeas Corpus, filed by a person in state custody (Docket Entry No. 1), is

4

**DISMISSED without prejudice** for failure to exhaust state court remedies.

2.    A Certificate of Appealability is **DENIED**.

3.    The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas, Attention: Habeas Corpus Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

**SIGNED** at Houston, Texas, on this 3rd day of February, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE